IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FREDDY MORENO,

    Plaintiff,

v.                                                                    No. 06-2165- B

MEDTRONIC SOFAMOR
DANEK,

    Defendant.

_____

ORDER OF DISMISSAL WITH PREJUDICE
_____

Before the Court is the April 23, 2007 motion for summary judgment of Defendant Medtronic Sofamor Danek. See Fed. R. Civ. P. 56. The Plaintiff, who is proceeding pro se, had until May 28, 2007, to file his response.[1] Moreno failed to respond, prompting the Court to enter an order on June 7, 2007, directing the Plaintiff to show cause within eleven days of the entry of the order why his lawsuit should not be dismissed for failure to prosecute. According to the Court's docket, Moreno has not responded to the show cause order.[2]

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to

---

[1] Under the Local Rules of this district, a response to a Fed. R. Civ. P. 56 motion for summary judgment "must be filed within thirty days after service of the motion." L.R. 7.2(a)(2), Local Rules of the U.S. Dist. Court for the W.D. Tenn

[2] On June 7, 2007, Magistrate Judge Tu M. Pham issued a report and recommendation, recommending the Plaintiff's complaint be dismissed for his failure to attend his own deposition despite being warned that his failure to cooperate could lead to the termination of his lawsuit. This Court need not address Magistrate Judge Pham's report as Moreno disregarded the show cause order, which inaction is the basis of the instant dismissal.

1

comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The United States Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S. Ct. 178 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the

party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to respond to the Defendant's motion for summary judgment and this Court's order to show cause why his complaint should not be dismissed for failure to prosecute. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish works some hardship on the Defendant. In addition, the Plaintiff was cautioned by the show cause order concerning the ramifications of his failure to respond. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter.

Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 18th day of July, 2007.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE